```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2021

James David Vernon-Hunt,

                Petitioner,

      –v–

Carlos Guzman, *et al.*,

                Respondents.

20-cv-4755 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioner, acting pro se, brings this motion to vacate an arbitration award granted by the Financial Industry Regulatory Authority ("FINRA"). On May 31, 2019, Petitioner filed his Statement of Claim against Respondents Carlos Guzman and U.S. Bancorp, Inc. ("USBI"). Later that year, the panel granted USBI's motion to dismiss for lack of jurisdiction. In 2020, the panel dismissed all of Petitioner's claims against Guzman. For the reasons given below, the Court GRANTS IN PART Petitioner's motion to vacate only as to Petitioner's claims against Guzman.

    Petitioner also filed a motion for default judgment against Guzman. The Court DENIES that motion.

**I.   BACKGROUND**

  **A.  Factual background**

    The underlying arbitration arises from Petitioner's claim that he was defrauded by Respondent Carlos Guzman who was allegedly employed at US Bank and US Bancorp Investment, Inc. at the time of the fraud. Motion at 4, Dkt. No. 1. On May 31, 2019, Petitioner filed a Statement of Claims with FINRA's arbitration services against both Respondents. *Id.* at

7. On August 13, 2019, Respondent USBI requested an extension to submit its Answer. *Id.* at 8. Petitioner responded on August 22, 2019 with an objection to the extension and a motion to bar USBI's defenses. *Id.* A FINRA director denied USBI's request for extension on August 26, 2019. *Id.* The next day, USBI filed its written answer. *Id.* at 9. On September 3, 2019, USBI filed a motion to dismiss for lack of jurisdiction. Resp. to Motion at 8 n.2, Dkt. No. 8.

On December 13, 2019, after a hearing, the arbitration panel unanimously dismissed USBI from the action. Dkt. No. 9-1. The panel held that Petitioner lacked jurisdiction over USBI. The panel found that Petitioner had no agreement to arbitrate with USBI, Petitioner was not a customer of USBI, and the arbitration did not pertain to USBI's business. The panel further deemed Petitioner's motion to bar defenses moot.

On January 12, 2020, the arbitration panel issued an order requesting Petitioner to provide additional evidence to support his claims against the remaining Respondent, Carlos Guzman, by February 12, 2020. Order, Dkt. No. 22 at 19–20. The order read, in part:

> In accordance with Rule 12801, inasmuch as Mr. Guzman is no longer registered with FINRA and has not responded to the Statement of Claim, this case shall be decided solely on the filings with FINRA made by the Claimant. In addition, *The Panel is requesting that the Claimant provide all documentation which supports the allegations contained in the Statement of Claim. Of specific interest to the Panel is documentation for all payments made.*

*Id.* at 20 (emphasis added).

On March 23, 2020, the arbitration panel issued the final award. Award, Dkt. No. 1-3. It denied all of Petitioner's claims. *Id.* at 3. In explaining the procedural history of the case and the reason for its decision, the panel stated, in part, that:

> By Order dated January 12, 2020, the Panel informed the parties that as Respondent Carlos Guzman is no longer registered with FINRA and did not respond to the Statement of Claim, the arbitration of *this matter would be decided solely on the filings made by Claimant*. The Panel also requested the Claimant

submit additional documentation in further support of his case. *No additional documentation was received from the Claimant.*

*Id.* at 2 (emphasis added).

Notwithstanding this statement, according to a screenshot and a signed exhibit list submitted to this Court, Petitioner on February 5, 2020, uploaded at least fourteen exhibits to FINRA's DR Portal. Dkt. Nos. 1-2, 1-4. These exhibits included emails and text messages between Petitioner and Guzman as well as at least four receipts of monetary transfers. *Id.*

FINRA later confirmed with Petitioner that his February 5, 2020 exhibits had been received. On May 21, 2020, Katherine M. Bayer, a regional director of FINRA, sent Petitioner a letter stating that, "the Hearing Exhibits [Petitioner] submitted to FINRA on February 5, 2020 were forwarded to the Panel the next day. FINRA staff sent these documents to the Panel through the DR Portal and I can confirm that they were viewed on the Portal by the arbitrators." Dkt. No. 1-5. Ms. Bayer further explained that because the matter was closed, she could not contact the Panel to seek further information about the award. *Id.* She stated that "there is nothing further we can do to assist you with this matter." *Id.*

The Court notes that February 5, 2020, was not the first instance in which Petitioner encountered issues related to his documentation reaching the panel. During a hearing on November 13, 2019, Petitioner realized that the panel was not in receipt of his motion to bar USBI's defenses. Dkt. No. 1-22. On November 20, 2019, a FINRA case specialist confirmed that Petitioner's motion submitted on August 22, 2019, to the FINRA DR portal was "inadvertently omitted for transmittal to the panel due to an administrative error." Dkt. No. 1-23. Briefings from both Petitioner and Respondent were involved in this mix-up. *Id.* On November 22, 2019, the case specialist alerted the panel of this administrative error and transmitted the relevant documents. Dkt. No. 1-26.

B. **Procedural history**

On June 22, 2020, Petitioner filed in this Court a petition to vacate the arbitration award. USBI responded on September 23, 2020, and Petitioner replied on December 2, 2020. Dkt. Nos. 9, 18. Guzman has not appeared in this action. On December 15, 2020, Petitioner moved for default judgment against Guzman. Dkt. Nos. 21, 22.

II. **LEGAL STANDARD**

The Federal Arbitration Act authorizes a district court to confirm or vacate an arbitration award. 9 U.S.C. §§ 9, 10. "[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[ ] is necessary to confirm the award." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (*quoting Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). And the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

Accordingly, "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *Id.* (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). A court may vacate an award if (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators . . . ;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior

4

by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). In addition, an arbitrator's award may be vacated under Section 10(a) if it is in "manifest disregard of the law" or "manifest disregard of the terms of the parties' relevant agreement." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451–52 (2d Cir. 2011) (cleaned up).

**III.   DISCUSSION**

Petitioner asks this Court to vacate the dismissal of his claims against both USBI and Guzman. The Court separates Petitioner's numerous arguments into two categories: those that, if successful, would vacate the dismissal of claims against Guzman and those that, if successful, would vacate the dismissal of claims against USBI. As to the first category, Petitioner argues that the panel ignored pertinent evidence. Motion at 21. Petitioner further maintains that the arbitration panel exceeded their authority by ordering Petitioner to serve Guzman again. *Id.* at 21. Petitioner also claims that the panel was biased against him. *Id.* at 22.

As to the second category, Petitioner first objects to the panel's procedural process. Petitioner argues that the panel should not have granted USBI's motion to dismiss because USBI's answer was untimely. *Id.* at 18. He also asserts that the panel should have considered his motion to bar defenses "before any other motions." *Id.* Petitioner further objects to the panel's legal analysis and conclusions. Petitioner maintains that the panel exceeded its authority "in ignoring the fact that the USBI website says that all cases must be arbitrated." *Id.* Petitioner also claims that the panel "failed to read the claim correctly." *Id.* Finally, Petitioner alleges that the panel was partial to USBI. *Id.* at 24. For the reasons set forth below, the Court vacates the

5

award dismissing all claims against Guzman but does not vacate the order dismissing USBI from the arbitration.

### A. Vacatur is warranted for the dismissal of claims against Guzman

The Court concludes that Petitioner has carried the heavy burden of demonstrating that he was denied "fundamental fairness" because the panel, by its own admission, never considered the documents that he submitted that formed the exclusive basis for the award. *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997).

Vacatur is warranted if an arbitration panel refuses to hear material and pertinent evidence thereby prejudicing a party. 9 U.S.C. § 10(a)(3). In vacating the award under Section 10(a)(3), the subjective intent of the panel is immaterial. *Cofinco, Inc. v. Bakrie & Bros., N. V.*, 395 F. Supp. 613, 615 (S.D.N.Y. 1975) ("It makes no difference that the [arbitration] panel may have acted only in neglectful disregard rather than by explicitly 'refusing' to hear the evidence."). What matters is the consequence: vacatur is appropriate if the party's "right to be heard has been grossly and totally blocked." *Stifel, Nicolaus & Co. v. Forster*, No. 14 Civ. 6523 (RWS), 2015 WL 509684, at *5 (S.D.N.Y. Feb. 6, 2015) (internal quotation marks omitted). A petitioner must also demonstrate that the panel's neglect was prejudicial. *Rai v. Barclays Cap. Inc.*, 739 F. Supp. 2d 364, 372 (S.D.N.Y. 2010), *aff'd*, 456 F. App'x 8 (2d Cir. 2011). In short, for vacatur, the arbitrator's misconduct must have made the procedure "fundamentally unfair." *Tempo Shain Corp.*, 120 F.3d at 20 (quoting *Teamsters, Local Union 657 v. Stanley Structures, Inc.*, 735 F.2d 903, 906 (5th Cir.1984)).

As a threshold matter, the Court determines that Petitioner properly and timely submitted the at-issue exhibits.[1] After USBI was dismissed from the arbitration, the panel formally requested that Petitioner file evidence supporting his claims against Guzman. The January 12, 2020 order instructed Petitioner as to what type of evidence to submit, when, and how. Dkt. No. 9-1 at 2. Pursuant to that order, Petitioner timely submitted at least fourteen exhibits, as shown by Petitioner's submissions to this Court. Dkt. Nos. 1-2, 1-4. While the order stated that Petitioner "may submit the documentation via electronic mail," Petitioner submitted his documents through the FINRA DR Portal, as directed by FINRA's rules. Dkt. No. 22 at 19; FINRA, Rule 12211(b) (barring pro se parties from emailing arbitrators directly); *Frequently Asked Questions about the DR Portal for Arbitration and Mediation Case Participants*, FINRA Dispute Resolution Services, https://www.finra.org/arbitration-mediation/dr-portal-faq-arbitration-and-mediation-case-participants#1-30 ("[I]f a pro se customer voluntarily registers for the DR Portal at any stage in the arbitration case, he or she must continue to use the DR Portal throughout the arbitration on a mandatory basis."). After the award was issued, a FINRA representative confirmed that Petitioner's exhibits were received through the DR Portal before the February 12, 2020 deadline. Dkt. No. 1-5. The representative further informed Petitioner that the exhibits had been passed to the panel. *Id.* The Court therefore finds it undisputed that Petitioner's submission, made pro se, was both timely and proper under FINRA's procedures.

Further, Petitioner has shown that the evidence was material and that he was prejudiced by its exclusion. 9 U.S.C. § 10(a)(3); *Oracle Corp. v. Wilson*, 276 F. Supp. 3d 22, 32 (S.D.N.Y.

---

[1] Because Petitioner is proceeding pro se, the Court will consider as evidence the allegations in his signed motion to vacate and the attached exhibits "to the extent they are not conclusory or otherwise inappropriate for consideration." *Wilton Reassurance Life Co. of N.Y. v. Smith*, No. 12-CV-5131 SLT VMS, 2015 WL 631973, at *10 (E.D.N.Y. Feb. 13, 2015)

2017). The evidence at issue is both material and pertinent as the panel explicitly stated that it would be the exclusive evidence used to decide the award. In a default FINRA arbitration proceeding, "[t]he arbitrator may not issue an award based solely on the nonappearance of a party. Claimants must present a sufficient basis to support the making of an award." FINRA, Rule 12801(e)(1). Rather than considering if the exhibits constituted a sufficient basis to support an award in Petitioner's favor, the panel expressly relied on the absence of any exhibits in reaching its conclusion to dismiss all of Petitioner's claims.[2] The Court concludes that the evidence was material, and that Petitioner was prejudiced by its exclusion.

      The panel's failure to consider this evidence therefore requires vacatur of the award. The arbitration panel received the exhibits it requested. But by the panel's own words, it did not review that evidence at all in its final determination of the merits. Even under the highly deferential standard of review, "arbitrators must have before them enough evidence to make an informed decision." *Seed Holdings, Inc. v. Jiffy Int'l AS*, 5 F. Supp. 3d 565, 590 (S.D.N.Y. 2014) (quoting *Areca, Inc. v. Oppenheimer & Co., Inc.*, 960 F. Supp. 52, 55 (S.D.N.Y. 1997)). And arbitrators must "give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp.*, 120 F.3d at 20. Here, Petitioner's exhibits were not considered out of an ostensible "administrative error," the second that occurred during these proceedings after the panel previously did not receive three of the arbitral parties' motions. Dkt. No. 1-26. Petitioner, who timely acted as requested of him by the panel and FINRA, should not bear the burden of any administrative or technical error that led to this result.

---

[2] The Court notes that it has not reviewed Petitioner's exhibits proffered on February 5, 2020, and makes no ruling on the sufficiency of this evidence to his claims. *See Wallace v. Buttar*, 378 F.3d 182, 192 (2d Cir. 2004) ("[A] court should not conduct an independent review of the factual record presented to the arbitral panel in order to achieve the 'correct' result.").

The Court emphasizes that its holding does not require that an arbitration panel expressly consider all evidence that a party submits to it. For example, had the arbitral panel decided to exclude Petitioner's proffered evidence, this Court would hesitate to vacate the award. *See, e.g.*, *Rai*, 739 F. Supp. 2d at 375. An arbitration panel has "broad discretion to determine whether to hear evidence." *Glob. Scholarship All. v. Wyckoff Heights Med. Ctr.*, 09 CIV. 8193 (RMB), 2010 WL 749839, at *2 (S.D.N.Y. Feb. 24, 2010). And arbitration panels need not hear all evidence that a party wishes to present. *Brandt v. Brown & Co. Secs. Corp.*, No. 94 Civ. 6640(JSM), 1995 WL 334381, at *5 (S.D.N.Y. June 5, 1995); *see also Tempo Shain Corp.*, 120 F.3d at 20 (stating that arbitration does not afford parties with "all the niceties observed by the federal courts"). On review, a district court need find only a "barely colorable" justification for a panel's decision to exclude evidence. *Rai*, 739 F. Supp. 2d at 375. But here, the panel made no decision to exclude evidence. Instead, it asked to review this evidence, but, for reasons unclear, did not do so. This contradictory behavior meets the "touchstone" of arbitral misconduct, denial of fundamental fairness to a party. *Home Indem. Co. v. Affiliated Food Distribs., Inc.*, 96 CIV. 9707 (RO), 1997 WL 773712, at *3 (S.D.N.Y. Dec. 12, 1997).

The Court finds that Petitioner's right to be heard was "grossly and totally blocked" such that vacatur is warranted. *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 488 (S.D.N.Y. 2002). The panel's failure to review the exclusive evidence used to decide the award was fundamentally unfair to Petitioner. The Court need not consider Petitioner's additional arguments for vacating the award as to Guzman.

**B. Vacatur is not warranted for the dismissal of claims against respondent USBI**

The Court finds the panel's decision to dismiss USBI from the arbitration had at least a colorable justification and therefore vacatur is unwarranted.³  Petitioner raises several arguments, but the Court finds none persuasive.

First, Petitioner objects to the panel's procedure underlying its decision to grant USBI's motion to dismiss. As previously discussed, "[o]ur review is restricted to determining whether the procedure was fundamentally unfair." *Tempo Shain Corp.*, 120 F.3d at 20.

Under the highly deferential standard of review that the Court applies, the arbitration panel did not exceed its authority by granting USBI's motion to dismiss even assuming that USBI's answer was untimely. It was within the panel's discretion whether or not to entertain USBI's defenses according to FINRA's arbitration rules. FINRA, Rule 12308(a). While the panel may bar defenses in response to an untimely answer, it is not required to do so either by FINRA's own rules or by the precepts of fundamental fairness.

Petitioner also argues that the panel should have dealt with his motion to bar defenses "before any other motions." Motion at 18. This Court finds no authority, and Petitioner cites none, for this proposition. It is not the role of a district court to "superintend" arbitration proceedings. *Tempo Shain Corp.*, 120 F.3d at 20. Rather, arbitration panels are given "broad discretion to manage discovery." *Doscher v. Sea Port Grp. Secs., LLC*, 15-CV-384 (JMF), 2017 WL 6061653, at *3 (S.D.N.Y. Dec. 6, 2017), *aff'd*, 752 F. App'x 102 (2d Cir. 2019). The Court therefore does not find that Petitioner was denied fundamental fairness by the arbitration panel's consideration of USBI's motion to dismiss.

---

³ As a threshold matter, contrary to USBI's assertions, the motion to vacate is timely. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The award was signed on March 23, 2020, and Petitioner filed his motion within three months, on June 22, 2020. Dkt. No. 1.

Second, Petitioner objects to some of the panel's legal analysis and conclusions. Manifest disregard of the law is a valid reason for vacatur, but "[a]n arbitrator's decision cannot be vacated on the basis of manifest disregard if there is even a barely colorable justification for the outcome reached." *Glob. Gold Mining, LLC v. Ayvazian*, 612 F. App'x 11, 14 (2d Cir. 2015) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)). "To succeed in challenging an award under the manifest disregard standard, a party must make 'a showing that the arbitrators knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.'" *Seneca Nation of Indians v. New York*, 988 F.3d 618, 626 (2d Cir. 2021) (quoting *Schwartz*, 665 F.3d at 452).

Petitioner argues that the panel "ignore[d] the fact that the USBI website says that all cases must be arbitrated," and "USBI would have filed a motion to compel arbitration" had Petitioner filed suit in court. Motion at 18. But this argument that arbitration was the proper forum for claims against USBI is unpersuasive. Assuming that such mandatory arbitration exists, it is inapplicable to a party, like Petitioner, who the panel found is not associated with USBI. The arbitration panel had a colorable basis for dismissing the claims against USBI even if USBI requires arbitration with its customers because it found that Petitioner was not a USBI customer.

Petitioner also argues that the panel "failed to read the claim correctly" as the panel allegedly did not understand that Petitioner's claim that Respondents were in breach of a specific FINRA provision. *Id.* The Court disagrees and finds more than a barely colorable justification for the panel's decision to dismiss claims against USBI.

11

Finally, Petitioner challenges the arbitration panel's impartiality under 9 U.S.C. § 10(a)(2). "[A]n arbitrator is disqualified only when a reasonable person, considering all of the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 475 (S.D.N.Y. 2016) (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir.2007)). Petitioner has not met this high burden. He alleges a conflict of interest stemming from USBI's counsel's prior work experience at FINRA. Motion at 24. The Court concludes that a reasonable person would not be forced to conclude that counsel's previous position as Senior Counsel for FINRA's Enforcement Department would bias the panel. This is true even knowing, in hindsight, that USBI prevailed on its motion. *See Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000) ("Bias is not even established by showing that an arbitrator consistently agrees with the arguments of one side and repeatedly finds in their favor.").

### C. Petitioner's motion for default judgment as to Guzman is denied

Petitioner on December 2, 2020, attached to his reply in support of his motion to vacate the arbitration award a brief requesting that the Court enter default judgment against Guzman. Pet'r Reply Br., Ex. 1, Dkt. No. 18. The Court on December 9, 2020, ordered Petitioner to first request a certificate of default from the Clerk of Court and to submit an affirmation in support of such a request. Dkt. No. 20. Petitioner on December 10 and December 15, 2020, filed an affidavit of service to Guzman, Dkt. No. 19, an affidavit in support of default judgment, Dkt. No. 21, and a brief in support of entering default judgment against Guzman on the claims that Petitioner raised in the FINRA arbitration, Dkt. No. 22.

The Court denies Petitioner's motion. First, Petitioner failed to obtain a certificate of default, the request for which must be made to the Clerk's office, before filing his motion for

default judgment. Dkt. No. 20. Second, and more importantly, Petitioner's motion is both unnecessary and inappropriate. As the Second Circuit explained, "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Unlike a typical civil complaint, Petitioner's motion to vacate was "accompanied by a record," and the Court issues its Order "based on the record." *Id.* Guzman has not responded, "but the lack of a response does not justify a default judgment," though it does "weigh against" him on the Court's assessment of the merits. *Id.* Because Petitioner has received the vacatur of the award as to Guzman, there is no need for a default judgment in Petitioner's favor.

Petitioner's motion also requested that after the Court vacates the award, it "allow[ ] the case to continue" in this venue. Motion ¶ 78. The Court cannot grant Petitioner's request. Under the FAA, the Court has a binary choice to grant or deny Petitioner's motion to vacate the award. *See* 9 U.S.C. § 10(a); *see also id.* § 9 ("[T]he court must grant such an order [to confirm] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."); *D.H. Blair*, 462 F.3d at 104 ("[T]hese orders can confirm and/or vacate the award, either in whole or in part."). Petitioner does not identify any authority, and the Court is aware of none, that would permit the Court under a motion for default judgment to adjudicate the merits of Petitioner's claims submitted to arbitration. *See D.H. Blair*, 462 F.3d at 107–08 ("Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award. As the very name implies, they are motions in an ongoing proceeding rather than a complaint initiating a plenary action.").

### IV. CONCLUSION

  The Court GRANTS Petitioner's motion to vacate the arbitration award as to Guzman and DENIES the motion to vacate the award as to USBI.  The Court DENIES Petitioner's motion for default judgment as to Guzman.

  This resolves docket numbers 1, 19.

  The Clerk of Court is respectfully asked to mail a copy of this Memorandum Opinion and Order to Petitioner and note the mailing on the public docket.

  The Clerk of Court is further directed to close this case.


  SO ORDERED.

Dated: October 22, 2021
   New York, New York

                  _____
                    ALISON J. NATHAN
                   United States District Judge